Susan Beth DAHN, Respondent,

v.

Marcus Dewitt DAHN, Appellant,

SecurityOne Services, Inc., Defendant,

A–1 Alarms, Inc., Defendant,

Integrity One Investments, LLC, Defendant.

No. WD 68138.

Missouri Court of Appeals, Western District.

June 24, 2008.

Hugh F. O'Donnell III, Kansas City, MO, for appellant.

Jill Kelton Shipman–DeHardt, Lee's Summit, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Marcus Dahn ("Husband") appeals a judgment dissolving his marriage with Susan Dahn ("Wife"). The judgment was entered after the parties had announced, just prior to trial, that they had reached a settlement agreement. After a hearing as to the details of that settlement, the court found that it was not unconscionable and ordered the parties to prepare a judgment. When the parties could not reach an agreement, the court drafted its own judg- ment. Husband then filed a Motion to Set Aside the Judgment and/or for a New Trial. The trial court denied those mo- tions, and Husband appeals. Finding no material error we affirm.

■ Husband's brief contains one point on appeal containing five subpoints. Our standard of review is provided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* In accordance with that standard, Husband asserts only that the judgment was against the weight of the evidence in five particular respects. Four of those contend that the record of the oral settle- ment agreement does not support certain findings as to the settlement agreement. The fifth subpoint contends that the judg- ment did not award Husband certain per- sonal property that the parties agreed he would receive.

Our inquiry is hampered by the fact that the body of the argument contains various subdivisions, most of which do not mirror the point and subpoints in the Point Relied On. For example, while Husband asserts that the trial court's finding that the par- ties had reached a settlement agreement is against the weight of the evidence, this argument was not included in his Point Relied Upon. We would be justified in ignoring this argument for that reason. *State ex rel. Nixon v. Worthy*, 247 S.W.3d 8, 13–14 (Mo.App. W.D.2008) ("[F]ailure to include a claim in the Point Relied On results in waiver of the claim.").

■ Nevertheless, we will briefly review this issue *ex gratia.* "[O]ral agreements as to property division are binding when entered into in open court by parties rep- resented by counsel and the agreement is 'spread upon the record.'" *Carter v. Car-*

*ter,* 869 S.W.2d 822, 829 (Mo.App. W.D. 1994). The parties must be presently in agreement at the time the agreement is presented to the court for its approval. *Wakili v. Wakili,* 918 S.W.2d 332, 339 (Mo.App. W.D.1996). Husband does not contend that the parties were not in agreement at the time the record was made before the trial court. He does not contend that the agreement failed to dispose of all of the material assets and debts. In fact, the record would not support such claims. Husband testified that the agreement was complete and that he knew he could not come back later and change the agreement. He said he had all the information he needed to reach the agreement and asked the court to find it fair and not unconscionable.

■■■ The gist of Husband's argument is three-fold. He first contends that the fact that the parties could not reach an agreement upon language in the decree proves the lack of a real agreement. Both practical experience and understanding of the concept of buyer's remorse belie that argument as a basis for not enforcing the agreement. Next, he contends that some tax provisions were not addressed in the judgment and not part of the record of the settlement agreement. His claim does not concern any tax liability omitted from the settlement agreement but is an attempt to restructure the agreement for more advantageous tax treatment. Again, second thoughts and the raising of new issues is not a basis for avoiding an otherwise enforceable agreement. Husband did not tell the court that there were still tax issues to be resolved. Rather, he told the court there were no unresolved issues. His third argument seems to be that the judgment awarded some items of personal property to Wife that were not mentioned in the record and that the judgment did not award Husband certain personal property that the parties agreed he should receive.

With regard to the last point, Wife has filed an affidavit, which Husband does not contest, that he has received the two items of personal property that the judgment did not include. With regard to the other items of personal property, Wife asserts that they are covered indirectly in the agreement but acknowledges that the record may not be entirely clear. She volunteers that these may be stricken from the judgment. The items are so minimal that we see no need to remand to the trial court. Moreover, they are so insignificant in the scope of the marital estate that they do not invalidate the settlement agreement. We, therefore, strike that portion of the decree requiring Husband to return the "TV, DVD and VCR from the condo garage, Christmas decorations in the attic, wake board and skis, decorative items from the hearth, free standing small neon lamps, 2 glass fish sculpture and basket from living room."

One final issue is raised by Husband. He argues that there was nothing in the record to support the judgment's provision that Wife would have no liability for taxes for any income or distributions from SecurityOne Services, Inc., A–1 Alarms, Inc., and Integrity One Investments, LLC. These were businesses owned by Husband and Wife during the marriage, all of which were awarded to Husband by the agreement and decree. Wife responds that the transcript shows she stated her understanding of the agreement was that she would have no financial obligations for any debts of the corporations or LLC, including any obligations for the tax returns. Husband testified that he agreed with Wife's description of the agreement. The record supports the portion of the judgment stating that Wife would have no responsibility for the business taxes. Wife

acknowledges, however, that the decree erroneously states that she will have no personal tax liability. That portion of the judgment is stricken.

As modified, the judgment is affirmed.

HAROLD L. LOWENSTEIN, Judge, and THOMAS H. NEWTON, Judge, concur.